*1239
 
 PER CURIAM.
 

 |T Granted in part; otherwise denied. On application of relator to review the decision of the First Circuit affirming his convictions and sentences on five counts charging various degrees of robbery and attempted robbery,
 
 State v. Christopher,
 
 10-1284 (La.App. 1st Cir.2/11/11), 57 So.3d 612 (Higginbotham, J., dissenting in part), we find no error in the court of appeal’s decision to affirm relator’s convictions and sentences involving victims Carroll, Bartha, Turner, and Lane, all of whom were the target of a single assailant in a string of robberies and attempted robberies committed at the same Bank One ATM on Government Street in Baton Rouge in a two-week period between May 4, 2005, and May 16, 2005. Relator acknowledged as much in a confession given the police following his arrest on May 16, 2005 by officers conducting a stake-out of the location after they observed him attempting to rob Stacey Lane. As to these crimes, the state carried its burden of negating any reasonable probability of 12misidentification.
 
 State v. Smith,
 
 430 So.2d 31, 45 (La.1983);
 
 State v. Long,
 
 408 So.2d 1221, 1227 (La.1982). However, in his confession relator adamantly denied committing an earlier robbery at the same ATM machine in Baton Rouge on April 2, 2005. As to that robbery, the victim, Rene Vicknair, could not positively identify his assailant and gave a description at odds with relator’s appearance and with the descriptions of their assailant provided by the other victims, and described a seemingly isolated robbery that occurred one month before the series of crimes at the same ATM began that relator admitted committing. We agree with Judge Higginbotham that, even viewing the evidence in the light most favorable to this state, “any rational trier of fact could not have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of this count of first degree robbery.”
 
 Christopher,
 
 10-1284, p. 1 (Higginbotham, J., dissenting in part) (citations omitted).
 

 Accordingly, relator’s conviction and sentence on Count Three of the bill of information charging him with the first degree robbery of Rene Vicknair on April 2,' 2005, are set aside. In all other respects, the application is denied.